Dara Tabesh (SBN 230434)
dara.tabesh@ecotechlaw.com
**ECOTECH LAW GROUP, PC**
5 Third St., Suite 501
San Francisco, California 94103
Telephone: (415) 503-9164
Facsimile: (415) 651-8639

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| RAIN DESIGN, INC., KOK HONG LYE, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | Filed: June 26, 2017 |
| SPINIDO, INC., GOMFFER, INC., and does 1-10, inclusive. | **Jury Trial Demanded** |
| Defendants. | |

# PLAINTIFFS' COMPLAINT

1.      Plaintiffs Rain Design, Inc. ("Rain Design") and Mr. Kok Hong Lye ("Mr. Lye"), in his individual capacity, by and through their undersigned attorneys, file this Complaint against Defendants Spinido, Inc. ("Spinido") and Gomffer Inc. ("Gomffer), and state as follows:

## NATURE OF THE ACTION

2.      This is an action at law and in equity for Trade Dress Infringement, Trademark Infringement, Federal Unfair Competition and False Designation, violation of California Unfair Competition law, Copyright Infringement, and Design Patent Infringement. In particular, Defendants Spinido and Gomffer, both of which were, or are, on information and belief, opened and controlled by a Chinese parent company otherwise without a formal presence in the United States, have infringed and continue to infringe or otherwise violate Rain Design's and Mr. Lye's rights, including but not limited Rain Design's rights in its trade dress, in Trademark Registration No. 3358767 (Exhibit A), in United States copyright Registration No. VA0002050622 (Exhibit B (showing copyright registration and deposited photographs included with copyright registration), in California unfair competition law, and Rain Design's and Mr. Lye's rights in United States Design Patent No. D559,850 (hereinafter the "patent-in-suit") (Exhibit C), which is owned by Plaintiff Lye and has been subject to a perpetual, exclusive license of all substantial rights from Mr. Lye to Plaintiff Rain Design at least since the patent-in-suit issued on January 15, 2008.[1]

3.      In particular, Spinido and Gomffer have engaged in a large-scale attempt to copy nearly every aspect of Rain Design's mStand product and associated business, including copying the patent-protected design of the mStand, copying the logo used to identify the

---

[1] Under the same license agreement, the application that gave rise to the patent-in-suit was also exclusively licensed by Mr. Lye to Rain Design. The license agreement has been in full force and effect since it was signed by both parties in 2003, at the start of the company. All terms under the license have been satisfied, and the agreement has resulted in the following other United States patents being exclusively licensed from Mr. Lye to Rain Design: D676450 S1 (issued Feb 19, 2013), D703214 S1 (issued Apr 22, 2014), D537436 S1 (issued Feb 27, 2007), D557698S1 (issued Dec 18, 2007), D559850S1 (issued Jan 15, 2008), D510357S1 (issued Oct 4 2005), D528102S1 (issued Sep 12, 2006), D576429S1 (issued Sep 9, 2008), and D639815S1 (issued Jun 14, 2011).

mStand, copying the packaging used to distribute the mStand, and copying photographs of the

mStand while representing that the photographs were of Spinido's and/or Gomffer's products.

Moreover, Spinido and Gomffer have deliberately made it impossible to reach either company

to provide notice of such facts, and have generally ignored any attempt to resolve these issues.

**PARTIES**

4.     Plaintiff Rain Design is a corporation organized and existing under the laws of

the State of California, having its headquarters and principal place of business at 1036 Ashby

Avenue, Berkeley, CA 94710, since April 2016, and prior to that, since April 2011, at 550 10th

St., San Francisco, CA 94103. Rain Design's business includes designing, manufacturing, and

selling computer, laptop, tablet, and smartphone stands, including the mStand, which is a laptop

stand that embodies the single claim of the patent-in-suit. (*See* Exhibit D; *compare* Exhibit C

*with* Exhibit D.)

5.     Plaintiff Mr. Lye is a founder of Rain Design and has served and continues to

serve as a Chief Designer at Rain Design. Mr. Lye is the Rain Design member who took the

copyrighted photograph infringed by Defendants. Mr. Lye is also the owner of and sole named

inventor listed on the patent-in-suit, which has been, during its pendency, exclusively licensed,

with all significant rights, to Rain Design. (*See* Exhibit E.) Mr. Lye is a citizen of Singapore and

a resident of Singapore, though he does reside in California for up to about three months a year

to work with and at Rain Design's California office.

6.     Defendant Spinido is a corporation organized and existing under the laws of the

State of Colorado. According to its website (http://www.spinidostore.com/ (last visited June 20,

2017)), Spinido markets and sells (and on information and belief, manufactures) various

technology accessories and/or office equipment, including but not limited to on its own website

and through third-party vendors and/or websites such as Amazon.com. Among these are: (1) its

TI-Station Laptop Aluminum Cooling Stand For Macbook and All Notebooks (both with swivel

base and without swivel base) ("TI Station") (Exhibit F); and (2) its Spinido® Premium

Exquisite Aluminum Laptop Stand and Adjustable Magnesium Phone Holder for All Laptops

and Phones ("TI Combination[2]") (Exhibit G). (Collectively, these are referred to as the "Infringing Products"). Each of the Infringing Products infringes the patent-in-suit, and each of the packaging used to distribute the Infringing Products infringes Rain Design's trade dress.

7.    According to the Colorado Secretary of State website, Spinido's current principal place of business is at 305 W. South Ave, Woodland Park, CO 80863. Jinhua Chin is listed on the Colorado Secretary of State website as the registered agent at that same address. Spinido, in this incarnation, was formed as a corporation on October 21, 2016. In an earlier incarnation, Spinido was formed as a corporation under the laws of the State of Colorado on February 28, 2014, and voluntarily dissolved on October 21, 2016. During that incarnation, Spinido's principal place of business was at 36 South 18th Ave., Ste. A, Brighton, CO 80601. Then, Xiaowei Chen was listed on the Colorado Secretary of State website as the registered agent at that same address.

8.    Defendant Gomffer is also a corporation organized and existing under the laws of the State of Colorado. According to the Colorado Secretary of State, Gomffer, like the current incarnation of Spinido, was formed on October 21, 2016. On information and belief, Gomffer was formed, in part, to sell Spinido products on Amazon.com (*i.e.*, Amazon USA) and similar websites and services, because, after having been alerted by Rain Design of Spinido's infringing activity, Amazon.com delisted Spinido and/or certain of Spinido's Infringing Products from its United States website.

9.    On information and belief, Spinido and Gomffer are alter egos.

10.    Further, on information and belief, it may be the case that Gomffer was formed and/or Spinido was reformed and/or reorganized in an attempt to avoid liability for a finding of design patent infringement (by default judgment) against Spinido in a separate matter with plaintiff 12 South (explained in further detail below). (*See* Exhibit H.)

---

[2] As explained in further detail below, Gomffer sells this same product. Also, earlier versions of the same Spinido product were expressly named the "TI-Combination." Accordingly, the "Infringing Products" also refers to all versions of these products sold by both Spinido and Gomffer.

11.     On information and belief, both Spinido and Gomffer were opened and/or are funded, controlled by, and/or are subsidiaries of a Chinese parent company, ShenZhen Sheng HaiNa Technology Co., Ltd. ("ShenZhen"), a company located at one point in China at Site 4A, No. 7 FenChang, HuaHui Shi Jie, Hongli West Road, Lianhua Street, Futian District, Shenzhen City, China. Indeed, both the pending Gomffer trademark application (Exhibit I) and the Spinido trademark on its logo (Exhibit J) are owned by ShenZhen. (*Compare* Exhibit I *with* Exhibit J.)

12.     Like Spinido, Gomffer markets and sells (and on information and belief, manufactures) various technology accessories and/or office equipment. On information and belief, however, Gomffer sells Spinido products, including the TI-Combination. To date, Gomffer does not appear to operate its own website, but rather, sells its products through various third-party vendors and/or websites, such as Amazon.com or ebay.com. Among these are its 2 in 1 Laptop and Phone Stand Holder for Apple MacBook and All Notebooks, iPhone Series ("Gomffer's Laptop Stand with Phone Holder") (Exhibit K). On information and belief, Gomffer's Laptop Stand with Phone Holder is the same product as Spinido's TI-Combination. (*Compare* Exhibit G with Exhibit K.) Notably, both products bear the same Spinido logo. (*See* Exhibits G and K.)

13.     Based on Plaintiffs' investigation, neither Spinido nor Gomffer has a physical presence in the United States. Rather, they simply sell and ship goods, on information and belief, from China (and on information and belief, which are supplied by ShenZhen) into the United States through on-line consumer websites and logistic/fulfillment service providers such as Amazon.com, or using its own websites.

14.     Plaintiffs are ignorant of the true names and capacities of any Defendant sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained, including the true name and identity of any other corporate entity related to Spinido and/or Gomffer that has infringed or misappropriated any of Plaintiffs' patented design,

copyright registration, trademark registrations, trade dress, or other intellectual property right or asset.

**JURISDICTION**

15.     This is an action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

16.     This is also an action for trade dress infringement seeking damages and injunctive relief for trade dress infringement under the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq.*

17.     This is also an action seeking damages and injunctive relief for design patent infringement under the Patent Act, 35 U.S.C. § 101 *et seq.*

18.     This is also an action seeking damages and injunctive relief for Federal Unfair Competition and False Designation of Origin under the Lanham Act.

19.     This is also an action seeking damages and injunctive relief for violation of California Unfair Competition Law under § 17200 *et seq.* of the California Business and Profession Code.

20.     This Court has subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1338(a); 28 U.S.C. § 1338(b); and 28 U.S.C. § 1367.

21.     The Court has personal jurisdiction over Spinido and Gomffer for one or more of the following reasons:

a.     The exercise of personal jurisdiction over Spinido and Gomffer by this Court is consistent with the Federal Due Process Clause, as Spinido and Gomffer have each established minimum contacts with this forum such that the exercise of jurisdiction over Spinido and Gomffer would not offend traditional notions of fair play and substantial justice;

b.     Spinido and Gomffer have done and continue to do business in the State of California and in this District and with one or more residents of the State of California and this District;

COMPLAINT

c.      Spinido and Gomffer direct, into the State of California and into this District, commerce, goods, and advertising;

d.      Spinido and Gomffer have offered, and continue to offer, products, the sale and/or offer of sale of which constitutes patent infringement in the State of California and in this District; and

e.      Spinido and Gomffer have committed tortious injury to Rain Design's business operations within the State of California and in this District.

22.     Rain Design owns a perpetual, exclusive license to the patent-in-suit. By the terms of the original License Agreement between Rain Design and Mr. Lye (Exhibit E), the patent-in-suit, as well as the application that gave rise to the patent-in-suit, were, among all (then) current and future patents and patent applications, licensed to Rain Design.

**VENUE**

23.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Spinido and Gomffer have transacted and continue to transact business within the Northern District of California, and have sold and continues to offer for sale products for which sales and offers to sell constitute patent infringement, trade dress infringement, copyright infringement, violations of California Unfair Competition Law, and violations of Federal Unfair Competition and False Designation laws.

**BACKGROUND AND RELEVANT FACTS**

24.     Rain Design is a marketplace leader and innovator in the field of electronic-related products and accessories, including stands for laptop computers, notebooks, and smartphones. Rain Design focuses on creating innovative accessories designed primarily for Apple products (*e.g.*, MacBook®, iPad®, and iPhone®) that enhance the experience of using computer products, including Apple products, for its customers.

25.     Rain Design is well known in the marketplace for its originality in the design and the quality of its products that it produces and sells, including winning awards such as Apple's "Macworld Best in Show" in 2011 for a similar product (*i.e.*, an iPad stand). Rain Design has

been designing, producing, and selling accessories for Apple and other computer products since 2003.

26.     One of Rain Design's products is an aluminum laptop stand for laptop computers named the "mStand."

27.     Given the novelty and originality of the design that became embodied in Rain Design's mStand product, Mr. Lye sought and obtained design patent protection for this design.

28.     On January 15, 2008, United States Design Patent No. D559,850 (*i.e.*, the patent-in-suit) was duly and legally issued by the United States Patent and Trademark Office. This patent has remained, and continues to be, in full force since that time.

29.     Since its issuance, Rain Design has been the exclusive licensee of the patent-in-suit, holding all substantial rights in and to the patent-in-suit, including the right to bring this action, to collect past and present damages, and to obtain injunctions, for any past and present infringement of the patent-in-suit.

30.     The patent-in-suit covers the ornamental design for the mStand.

31.     Rain Design has extensively promoted, advertised, and used the mStand design of the patent-in-suit in a variety of media outlets throughout the United States, and has been featured by and in a variety of consumer or media outlets throughout the United States. Among these are its own website, raindesigninc.com, as well as Amazon.com, various magazines and websites (including but not limited to MacWorld Magazine, Mac Directory, Mac Observer, CNET.com), various trade shows (including but not limited to MacWorld (San Francisco, CA), CES (Las Vegas, NV), IFA (Berlin, Germany), ASMC (Austin, TX), Distree (APAC), and Distree (Latin America), and various distributor and reseller websites (including Ingram Micro, Walmart.com, Apple.com, B&H, BestBuy.com, Staples.com, officedepot.com, etc.), and by Rain Design's distributor network (*see* http://www.raindesigninc.com/where-to-buy.html (last visited June 20, 2017)). As of June 21, 2017, the mStand has accumulated at least 2,966 reviews on Amazon.com since April 2007, of which about 86% are 5-star reviews. In addition, the mStand has earned several awards, including but not limited to: 5-Star award by Applegazette in

2008; 5-Star Editor's Choice by Macworld UK in 2011; and Best Laptop Stand Award by Bestadvisor in 2017.

32.   The mStand has undoubtedly been a commercial success, with its distinctive design providing differentiation from other competitors' designs. Unfortunately, Spinido and Gomffer seek to avail themselves of this success by copying not only the product, but its unique and distinctive packaging.

33.   Indeed, Rain Design sells the mStand with unique and distinctive packaging associated with Rain Design and the mStand brand, which includes each of three multi-faceted designs labeled on each of three sides of the box in which the mStand is packaged. (Exhibits L-N (photographs of each of one side of the box in which the mStand is packaged). Spinido's TI-Station includes three trade-dress infringing designs on the box in which the TI Station is packaged. (Compare Exhibits L-N (showing Rain Design's trade dress) with Exhibits O-Q, respectively (showing Spinido's trade-dress infringing designs).) Likewise, Spinido's TI-Combination includes three trade-dress infringing designs on the box in which the TI-Combination is packaged. (Compare Exhibits L-N with Exhibits R-T (showing Spinido's trade-dress infringing designs), respectively.)

34.   Spinido's trade dress is designed to be confusingly similar to the reasonable customer, who will confuse Spinido's trade dress for Rain Design's.

35.   Because Gomffer sells the same product as Spinido's TI-Combination, Exhibits R-T also reflect Gomffer's infringement of Rain Design's trade dress.

36.   With respect to a first side of Rain Design's packaging (Exhibit L), a corresponding first side of the packaging for the TI-Station (Exhibit O), and a corresponding first side for the packaging for the TI-Combination (Exhibit R), Spinido's (and/or Gomffer's) packaging is deliberately confusingly similar with Rain Design's packaging for at least the following reasons:

- Each bears a company logo on the top right corner of the box side.
- Each bears the same stylized logo of a computer monitor, and below it the same stylized drawing of a platform for the monitor, with the product name disposed

inside the monitor (in the same font). Notably, Rain Design owns a registered trademark to this logo. (*See* Trademark Registration No. 3358767 (Exhibit A).) Accordingly, Spinido's and/or Gomffer's use of the same logo with its own product name used instead of mStand," in the same stylized font, is confusingly similar to Rain Design's trademark from the perspective of the reasonable consumer, and thus constitutes trademark infringement under federal law.

- Each bears the phrase "Designed to uplift" (in the same font) below the mStand logo.
- Each bears the same "MacLife Editors' Choice" award language (in the same font) and corresponding MacLife logo on the left side of the display.
- Each bears the same Macworld logo on the left side of the display.
- Each bears the same quote (in the same font) on the left side of the display: "The [product name] is perhaps the most attractive stand I've seen. It's definitely the sturdiest." The quote is also presented with the same stylized quotation marks around that quote. Notably, this quote is about Rain Design's product, not Spinido of Gomffer's product, and is copied from a 2007 MacWorld Review of the mStand. (*See* Exhibit U.)
- Each uses a back perspective view photograph of the corresponding product with an Apple computer laptop disposed thereon, with a black background. Significantly, the TI-Station box uses an exact copy of the same photograph Rain Design uses of its product in use. (*Compare* Exhibit L *with* Exhibit O; *see also* Exhibit B (showing deposit copy of photograph).) Rain Design owns a registered copyright to this photograph. Accordingly, Spinido's and/or Gomffer's actions in this regard also constitute copyright infringement.
- Each employs the same color scheme.

37.     With respect to a second side of Rain Design's packaging (Exhibit M), a corresponding second side of the packaging for the TI-Station (Exhibit P), and a corresponding second side for the packaging for the TI-Combination (Exhibit S), Spinido's (and/or Gomffer's)

packaging is deliberately confusingly similar with Rain Design's packaging for at least the
following reasons:

- Each bears a perspective view photograph of the product taken from a similar
  angle without a laptop or other computer device disposed thereon, against a white
  background.

- Surrounding this photograph on each of the box sides is a series of seven
  identical quotes: (1) "Tilt design brings screen closer; (2) "Raised screen meets
  eye level for better posture; (3) "Increases screen height by about 6 inches (15.3
  cm)," (4) Cable organizer behind hides away messy cables,"[3] (5) Keyboard stash
  clears up desk area when not in use," (6) "Single piece aluminum design
  provides solid stability," and (7) "Aluminum panel cools laptop by acting as heat
  sink."

- Each bears an insert of a back-perspective view photograph of the product with a
  laptop disposed thereon. Significantly, the TI-Station box uses an exact copy of
  the same photograph Rain Design uses of its product in use, both of which
  include a back view of the mStand product and laptop disposed thereon set next
  to a back view of an iMac computer. (*Compare* Exhibit M *with* Exhibit P; *see
  also* Exhibit B (showing deposit copy of the same photograph).) Rain Design
  owns a registered copyright to this photograph. Accordingly, Spinido's and/or
  Gomffer's actions in this regard also constitute copyright infringement.

- Each uses the same quote in the same font at the bottom of the packaging:
  "[Product name] features. Designed to match Apple's notebooks, TI-Station is
  made from a single solid piece of aluminum with sand-blasted silver anodized
  finish. [Product name] transforms your notebook[4] into a stylish and stable
  workstation.

---

[3] The TI-Combination packaging includes additional language (emphasis added to show
added language): "Cable organizer behind hides away messy cables <u>of your laptop and phone</u>."
[4] The TI-Combination also incudes the additional language: "and phone . . . ."

- Each employs the same color scheme.

38.     With respect to a third side of Rain Design's packaging (Exhibit N), a corresponding third side of the packaging for the TI-Station (Exhibit Q) and a corresponding third side for the packaging for the TI-Combination (Exhibit T), Spinido's packaging is deliberately confusingly similar with Rain Design's packaging for at least the following reasons:

- Each displays a large drawing of two horizontally joined circular regions with a drawing inside the left circular region showing a user working on a laptop without the laptop stand with opaque dots showing areas of strain or stress that result from not using the product; and a drawing on the right side showing a user using the product, and thus avoiding such areas of strain or stress. Notably, the drawings used for the mStand (*see* Exhibit N) and the TI-Station (*see* Exhibit Q) are copies of each other, while the drawing for the TI-Combination is substantially similar, but shows a woman instead of a man.

- Each bears the same quote in the same font beneath each of the two circular regions of the drawing: "Working on a laptop can strain your eyes, neck, back and arms. Prolonged strain may lead to health problems or injury;" and "[Product name] reduces the strain by raising the laptop screen to your eye level for better posture and view."

- Each shows a photograph of the product in use on the left end of the box side.

- Each shows the same quote at the bottom of the box side: "All ergonomic guidelines recommend placing the screen at eye level, and keeping your back, forearms and wrists straight. These can be achieved by using your laptop with [Product name], an external keyboard and a mouse. [Product name] helps you work comfortably every day."

- Each employs the same color scheme.

39.     In recognition of the commercial success of the design embodied in the patent-in-suit, Spinido began manufacturing and selling Spinido's Infringing Products in competition with Rain Design, and later, Gomffer began doing the same.

40.     On information and belief, Spinido copied the design of the patent-in-suit and/or the mStand, which embodies the patent-in-suit.[5] Indeed, the design of Spinido's TI-Station is the same as or substantially the same as the design embodied in the patent-in-suit and/or the mStand design. The designs are so similar, as to be nearly identical, such that the ordinary observer would be so deceived by the substantial similarity between the designs so as to be induced to purchase Spinido's product while believing it to be substantially the same as the design protected by patent-in-suit. Indeed, the only differences between the products appear to be non-ornamental, such as the presence of the Spinido logo identifying the product source as Spinido, and the hole in the back of Spinido's product (and the mStand) used for the functional purpose of receiving a computer wire.

41.     Likewise, Spinido's TI-Combination (also sold by Gomffer) infringes the patent-in-suit. The laptop stand portion of Spinido's TI-Combination is the same or substantially the same design as the design protect by the patent-in-suit and the mStand design, but includes an attached, retractable, separate smartphone holder that can be removed from the laptop stand portion of the product. The only substantial difference between the laptop stand portions of these designs is the presence of functional grooves that allow for retractability of the attached smartphone holder. As such, because Spinido's TI-Combination fully embodies the single claim of the patent-in-suit, Spinido's TI-Combination is also an infringing product.

42.     Since 2014, according to the Colorado Secretary of State, Spinido's principal office was located at 36 South 18th Avenue, Suite A, Brighton, CO 80601.

43.     This address was confirmed by Spinido as its then principal office on December 29, 2015, when Spinido filed a Statement Curing Delinquency with the Colorado Secretary of State.

44.     Additionally, Spinido continues to list the above-referenced principal office address and email address as its contact information for the trademark of its "Spinido" logo, which it continues to use to advertise its products. Spinido's correspondence on that trademark

---

[5] Not surprisingly, Spinido copies other Rain Design products for which design patent applications are currently pending.

COMPLAINT

1   registration was listed as Spinido Inc., Excellence Century Room 709-710, 7/F,T (in China).

2   Further, ShenZhen is listed as the owner of that trademark.

3       45.    Based on this information, Rain Design sent a cease-and-desist letter (Exhibit V)

4   by Certified U.S. Mail, dated October 15, 2015, to Spinido, to two addresses: (1) 36 South 18th

5   Avenue, Suite A, Brighton, CO 80601, to the attention of agent for service Xiaowei Chen,

6   which was the then-listed address listed on the Colorado Secretary of State website, and (2)

7   Spinido Inc., Excellence Century Room 709-710, 7/F,T, which is the correspondence address (in

8   China) listed for Spinido in its trademark registration. The letter outlined Spinido's infringement

9   of the patent-in-suit, as alleged herein and, among other things, demanded the Spinido stop

10   making, using, offering to sell, or selling infringing products within the United States.

11       46.    Both letters were returned as undeliverable. To date, Spinido has not responded

12   to these letters.

13       47.    At about the same time this letter was sent to Spinido, Rain Design reached out

14   to Amazon.com to inform the company and provide evidence of Spinido's use of the

15   Amazon.com United States website to facilitate violation of Rain Design's rights, including the

16   infringement of the patent-in-suit. Soon thereafter, Amazon.com removed the infringing Spinido

17   products from its United States website and revoke Spinido's seller's rights thereon.

18       48.    On July 29, 2016, ShenZhen, via its attorney, faxed a letter to Rain Design

19   employee Harvey Tai, demanding that Rain Design withdraw its complaints to Amazon.com in

20   the United States, because its seller privileges had been revoked. (Exhibit W.) Though the letter

21   identified two infringing Spinido products, the attorney stated that he represents ShenZhen.

22       49.    On November 25, 2016, Rain Design's distributor in the United Kingdom

23   received notice that Rain Design had been delisted from Amazon UK.

24       50.    On January 13, 2016, after much effort in trying to determine the bases for the

25   delisting, Rain Design was informed that this delisting was due to Spinido's allegations that a

26   recently registered design of Spinido, covering a new laptop stand, was being infringed by Rain

27   Design's mStand product via the Amazon UK website. On information and belief, when Spinido

28   had been informed that it had certain selling privileges suspended on Amazon US due to Rain

Design's claim of patent infringement to Amazon US, Spinido sought to retaliate by taking seemingly analogous action with Amazon UK.

51.     Once Rain Design explained, with evidence, to representatives at Amazon UK, that not only did Rain Design not infringe Spinido's design registration, but that if it did, Rain Design's product, which had been available since 2007, must be prior art to that design registration, which would render it invalid. Accordingly, on February 14, 2016, Amazon UK returned to Rain Design its right to conduct its business on the Amazon UK website.

52.     By this time, Rain Design learned that Spinido had reorganized on October 21, 2016, and accordingly, had listed a new address on the Colorado Secretary of State website. In an abundance of caution, Rain Design sent the letter to the earlier address, to the new address (305 W. South Ave., Woodland Park, CO 80863), with a Jinhua Chen listed as the agent for service of process), and to a home address in California for Jinhua Chen that was disclosed in Spinido's publicly available corporate filings with the Colorado Secretary of State (506 N. Garfield Ave. #210, Alhambra, CA 92801). This letter, like the earlier letter, asserted Plaintiffs' rights in the patent-in-suit and demanded that Spinido cease and desist all infringing activity. Notably, when sending the letter from a United States Postal Office in San Francisco, California, a postal worker noted that the address used for Spinido's agent for service of process (*i.e.*, 305 W. South Ave., Woodland Park, CO 80863) did not exist according to its records. These letters were all returned as undeliverable.

53.     On February 2, 2017, after having determined that Spinido was continuing its infringement of Rain Design's product by offering and selling Spinido's Infringing Products through its own online store, Rain Design sent another set of cease-and-desist letter to Spinido at various addresses, asserting its rights. (Exhibit X.) These letters were all returned as undeliverable.

54.     Because Spinido appeared to be a subsidiary of ShenZhen, on February 21, 2017, Rain Design sent a follow-up cease-and-desist letter to ShenZhen at its address listed on the United States Trademark Office website for its Spinido logo trademark. (Exhibit Y.) That letter was also returned as undeliverable, and to date, Spinido has not responded to it.

1    55.    Like the earlier letters, all three sets of these letters were returned as

2    undeliverable, and to date, Spinido has not responded to any of them.

3    56.    On or about May 10, 2017, Rain Design discovered that Spinido and/or

4    ShenZhen had started a new company, Gomffer, and was selling (including selling on

5    Amazon.com, even though Spinido appears to be the same company as, an alter ego of, or

6    related to Gomffer) a product that appeared to be the same as Spinido's TI-Combination.

7    Indeed, the Gomffer product also bore the Spinido logo. Further, after researching the company,

8    Rain Design discovered that the trademark to the Gomffer name was, like the trademark for the

9    Spinido logo, owned by ShneZhen. On information and belief, ShenZhen and/or Spinido created

10   Gomffer and organized it under the State Laws of Colorado to circumvent Amazon.com

11   preventing the sale of Spinido's infringing products, to avoid any liability associated with the

12   Spinido brand, and to continue selling its knock-off products without consequence.

13   57.    On or about May 17, 2017, in anticipation of bringing this lawsuit, Rain Design's

14   attorney attempted to reach ShenZhen's attorney (*see* Exhibit W) by phone.[6] Rain Design's

15   attorney called twice in consecutive days, the second time leaving a voice-mail asking for a

16   response as to whether the attorney also represented Spinido and/or Gomffer with respect to

17   ShenZhen's attorney's earlier facsimile to Rain Design. ShenZhen's attorney never returned

18   these calls.

19   58.    As alleged herein, each of the Infringing Products has a design that is the same or

20   substantially the same as the protected design of the patent-in-suit and Rain Design's mStand

21   product. With respect to Spinido's TI-Station, the designs are so similar as to be nearly identical

22   such that an ordinary observer would be so deceived by the substantial similarity between the

23   designs so as to be induced to purchase Spinido's products believing them to be substantially the

24   same as the design protected by the patent-in-suit. With respect to Spinido and Gomffer's TI-

25   Combination, which upon information and belief are the same product, the laptop stand portion

26

27   _____

      [6] Until around this time, Rain Design's attorney had mistakenly thought that the
28   facsimile (Exhibit W) had been sent by ShenZhen, not ShenZhen's attorney, and thus had not
      attempted to reach ShenZhen's attorney until this date.

of the design is so similar as to be nearly identical such that an ordinary observer would be so deceived by the substantial similarity between the designs so as to be induced to purchase Spinido or Gomffer's products believing them to be substantially the same as the design protected by the patent-in-suit.

59.     Plaintiffs have not granted a license or any other authorization to Spinido and/or Gomffer to make, use, offer, sell, or import products that embody the design patented in the patent-in-suit and which is proprietary to Plaintiffs, particularly in relation to Rain Design's mStand product.

60.     In spite of the rights of Plaintiffs, Spinido and/or Gomffer willfully and knowingly infringed on Plaintiffs' rights, including their rights under the patent-in-suit.

61.     Plaintiffs have been damaged by Spinido and/or Gomffer's wrongful and infringing conduct, including, without limitation to, suffering actual damages.

62.     Likewise, Plaintiffs have been damaged by, *inter alia*, Spinido's and/or Gomffer's acts that constitute trademark infringement, trade dress infringement, copyright infringement, and violation of California and Federal Unfair Competition laws.

63.     Rain Design has seen a reduction in sales of its mStand product since Spinido's and/or Gomffer's Infringing Products entered the marketplace.

64.     Spinido and/or Gomffer use the same or similar channels to sell their competing products, including Amazon.com.

65.     Spinido and/or Gomffer's wrongful conduct and infringing activities will continue unless enjoined by this Court.

## FIRST CAUSE OF ACTION

## TRADE DRESS INFRINGEMENT

66.     Rain Design hereby incorporates by reference the allegations contained in Paragraphs 1-65 above, as if fully set forth herein.

67.     Rain Design is the owner of all right and title to the distinctive trade dress associated with the mStand, including the trade dress reflected in the mStand's packaging.

68.     The trade dress embodied in the mStand product's trade dress has acquired secondary meaning, and is not functional.

69.     In addition, based on extensive and consistent advertising, promotion, and sales throughout the United States, the mStand product trade dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Rain Design as the source of these products.

70.     Rain Design's promotion of the distinctive mStand product trade dress has resulted in Rain Design's acquisition of valuable, legally protected rights in the mStand product's trade dress, as well as considerable customer goodwill.

71.     Defendants' Infringing Products misappropriated the Rain Design trade dress by mimicking a combination of several elements of that trade dress.

72.     Defendants' manufacture and distribution of the Infringing Products incorporating Plaintiffs' designs that mimic a combination of several elements of the mStand product's trade dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection, or association of Spinido and/or Gomffer with Rain Design, or as to the origin, sponsorship, or approval by Rain Design of Spinido's and/or Gomffer's goods, services, or commercial activities.

73.     Defendants' manufacture and/or distribution of the their Infringing Products incorporating Plaintiffs' designs that mimic a combination of several elements of the Rain Design product's trade dress enable Defendants to benefit unfairly from Rain Design's reputation and success, thereby giving Defendants' Infringing Products sales and commercial value they would not otherwise have.

74.     Defendants knew of Rain Design's product's trade dress when they designed their Infringing Products and packaging. Accordingly, Defendants' infringement has been and continues to be intentional, willful, and without regard to Rain Design's product's trade dress.

75.     Rain Design has been and will continue to be irreparably harmed and damaged by Defendants' conduct. The amount of monetary damages to Plaintiffs cannot be ascertained at

COMPLAINT

this time but is in excess of $75,000. Moreover, Rain Design lacks an adequate remedy at law to compensate for this harm and damage.

76.     Rain Design is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the mStand product's trade dress.

77.     Plaintiff has also sustained damages as a direct and proximate result of Defendants' infringement of the mStand product trade dress in an amount to be proven at trial.

78.     Because Defendants' actions have been willful, Rain Design is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

## SECOND CAUSE OF ACTION

## TRADEMARK INFRINGEMENT

79.     Rain Design hereby incorporates by reference the allegations contained in Paragraphs 1-78 above, as if fully set forth herein.

80.     Defendants' use of the mStand logo trademark, as set forth herein, will likely cause confusion or mistake and deceive the public into believing that Defendants' Infringing Products originate from, are affiliated with, or are sponsored by, Rain Design in violation of 15 U.S.C. §§ 1114 and 1125(a).

81.     Defendants have willfully, wantonly, and intentionally used Rain Design's registered trademark.

82.     The infringing conduct of Defendants has caused, and likely will continue to cause, both irreparable harm and monetary damages to Plaintiffs. The amount of monetary damages to Plaintiffs cannot be ascertained at this time but is in excess of $75,000.

83.     Unless this Court restrains Defendants from further infringing conduct, Rain Design will continue to suffer irreparable harm, for which it has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## VIOLATION OF FEDERAL UNFAIR COMPETITION

## AND FALSE DESIGNATION LAW

84.     Plaintiffs hereby incorporates by reference the allegations contained in Paragraphs 1-83 above, as if fully set forth herein.

85.     Defendants' acts, as described herein, are likely to cause confusion or mistake or to deceive customers as to the origin, sponsorship, or approval of Defendants' Infringing Products by Rain Design in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.     Upon information and belief, Defendants' acts of unfair competition, as described herein, are deliberate and willful and were undertaken with the intent to misappropriate the goodwill and reputation associated with the mStand.

87.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Plaintiffs in an amount that cannot be ascertained at this time but is in excess of $75,000, and, unless restrained, will cause further irreparable harm, leaving Plaintiffs with no adequate remedy at law. By their foregoing acts, Defendants have deceived and confused members of the public, and they are likely to continue to do so unless restrained and enjoined by the Court.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNFAIR COMPETITIONLAW

## UNDER CALIFORNIA LAW

88.     Plaintiffs hereby incorporates by reference the allegations contained in Paragraphs 1-87 above, as if fully set forth herein.

89.     Defendants' acts, as described above, are likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Rain Design as to the origin, sponsorship, or approval of Defendants' goods by Rain Design in violation of § 17200 *et seq.* of the California Business and Profession Code.

90.     Upon information and belief, Defendants' acts of unfair competition, as described above, are deliberate and willful and undertaken with the intent to misappropriate the goodwill and reputation associated with Rain Design's trademark and trade dress.

91.     Defendants' acts of infringement have caused both irreparable harm and monetary damage to Rain Design in an amount that cannot be ascertained at this time but is in

1    excess of $75,000, and, unless restrained, will cause further irreparable harm, leaving Rain

2    Design with no adequate remedy at law. By their foregoing acts, Defendants have deceived and

3    confused members of the public, and they are likely to continue to do so until restrained and

4    enjoined by the Court.

5                            **FIFTH CAUSE OF ACTION**

6                       **DESIGN PATENT INFRINGEMENT**

7            92.    Plaintiffs hereby incorporates by reference the allegations contained in

8    Paragraphs 1-91 above, as if fully set forth herein.

9            93.    Plaintiffs attempted to provide actual notice to Spinido of its infringement of the

10   patent-in-suit, as early as October 20, 2015. Spinido was further apprised of its infringement of

11   the patent-in-suit when it became aware that Amazon US had removed its seller's rights due to

12   Rain Design's complaint to Amazon US that certain of Spinido's products, including the TI-

13   Station, were infringing the patent-in-suit. Spinido has been further informed by the filing of

14   this Complaint.

15           94.    In spite of such notice, Spinido and/or Gomffer have continued its infringement

16   of the patent-in-suit.

17           95.    Spinido and/or Gomffer has infringed and continues to infringe the patent-in-suit

18   by making, using, offering to sell, or selling in the United States, including the State of

19   California and within this District, products infringing the ornamental design covered by the

20   patent-in-suit, in violation of 35 U.S.C. § 271, including but not limited to each of Spinido's

21   Infringing Products.

22           96.    Spinido and/or Gomffer infringes the patent-in-suit because, in the eye of an

23   ordinary observer, giving such attention as a purchaser usually gives, the design of the patent-in-

24   suit and the design of the Infringing Products are substantially the same, the resemblance being

25   such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be

26   the other.

27

28

97.     Spinido and/or Gomffer's acts of infringement of the patent-in-suit were undertaken without authority, permission, or license from Plaintiffs. Spinido's and/or Gomffer's infringing activities violate 35 U.S.C. § 271.

98.     Spinido's and/or Gomffer's infringement has damaged and continues to damage and injure Plaintiffs. The injury to Plaintiffs is irreparable and will continue unless and until Spinido is enjoined from further infringement.

99.     Plaintiffs are entitled to a complete accounting of all revenue and profits derived by Spinido and/or Gomffer from the unlawful conduct alleged herein, including, without limitation, Spinido's total profit pursuant to 35 U.S.C. § 289. The amount of monetary damages to Plaintiffs cannot be ascertained at this time but is in excess of $75,000.

100.    Spinido and/or Gomffer have engaged and are currently engaged in willful and deliberate infringement of the patent-in-suit. Such willful and deliberate infringement justifies the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. §1117(a).

101.    Plaintiffs are entitled to a permanent injunction preventing Spinido from further infringing the patent-in-suit.

### SIXTH CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

102.    Plaintiffs hereby incorporates by reference the allegations contained in Paragraphs 1-101 above, as if fully set forth herein.

103.    Rain Design includes its copyrighted photos on the mStand packaging boxes, as well as in certain of its advertisements.

104.    Rain Design registered these copyrighted photos with the United States Copyright Office, effective June 3, 2017. This copyright registration bears the registration number VA2050622.

105.    Spinido and/or Gomffer infringed Rain Design's copyright by incorporating these photographs of the mStand onto the packaging for at least their TI-Station and TI-

21

COMPLAINT

1  Combination products, as well as in certain advertisements, willfully, knowingly, and without

2  consent, authorization, approval, or license by Rain Design.

3       106.    By this unlawful copying, use, and distribution, Spinido and/or Gomffer have

4  violated Rain Design's exclusive rights under 17 U.S.C. § 106.

5       107.    Spinido and/or Gomffer have realized unjust profits, gains and advantages as a

6  proximate result of its infringement.

7       108.    Spinido and/or Gomffer will continue to realize unjust profits, gains and

8  advantages as a proximate result of its infringement as long as such infringement is permitted to

9  continue.

10       109.    Rain Design is entitled to an injunction restraining Spinido and/or Gomffer from

11  engaging in any further such acts in violation of the United States copyright laws. Unless

12  Spinido and/or Gomffer are enjoined and prohibited from infringing Rain Design's copyright,

13  and unless all Infringing Products and materials are seized, Spinido and/or Gomffer will

14  continue to intentionally infringe Rain Design's registered copyright.

15       110.    As a direct and proximate result of Spinido's and/or Gomffer's direct and willful

16  copyright infringement, Rain Design has suffered, and will continue to suffer, monetary loss to

17  its business, reputation, and goodwill. Rain Design is entitled to recover from Spinido and/or

18  Gomffer, in an amount to be determined at trial, the damages sustained and will sustain, and any

19  gains, profits, and advantages obtained by Spinido and/of Gomffer as a result of Spinido's

20  and/or Gomffer's acts of infringement and Spinido's and/or Gomffer's use and publication of

21  the copied materials. The amount of monetary damages to Plaintiffs cannot be ascertained at this

22  time but is in excess of $75,000.

23                     **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiffs Rain Design and Mr. Kok Hong Lye pray for the following

25  relief:

26      a)    A judgment entered in favor of Rain Design on its claim that Spinido and

27  Gomffer have infringed Rain Design's trade dress for its mStand product.

28      b)    A judgment entered in favor of Rain Design on its claim that Spinido and

Gomffer have infringed Rain Design's registered trademark on its mStand product's logo.

c)      A judgment entered in favor of Rain Design on its claim that Spinido and Gomffer are liable for Federal Unfair Competition and False Designation under the Lanham Act.

d)      A judgment entered in favor of Rain Design on its claim that Spinido and Gomffer are liable for violation of California's Unfair Competition Law.

e)      A judgment entered in favor of Rain Design and Mr. Kok Hong Lye on their claim that Spinido and Gomffer are liable for design patent infringement.

f)      A judgment entered in favor of Rain Design on their claim that Spinido and Gomffer are liable for copyright infringement.

g)      A permanent injunction enjoining Spinido and Gomffer, their respective officers, directors, agents, and employees, and all those in concert or participation with either of them who receive notice of judgment by personal service or otherwise, from advertising or otherwise marking any of their products or product packaging or advertisement with Rain Design's trade dress and trademark.

h)      A permanent injunction enjoining Spinido and Gomffer, their respective officers, directors, agents, and employees, and all those in concert or participation with either of them who receive notice of judgment by personal service or otherwise, from making, importing, using, selling, and offering to sell infringing products practicing the patent-in-suit and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the patent-in-suit; and

i)      A judgment and order that Spinido and Gomffer each deliver to Plaintiffs for destruction all proto-types, sales literature, customer literature, or products used in the infringement of the patent-in-suit;

j)      A judgment and order that Spinido and Gomffer each make an accounting to Plaintiffs and each pay over to Plaintiffs the extent of Spinido's and Gomffer's total profit and revenue realized and derived from their infringements of the patent-in-suit, and actual damages to Plaintiffs in an amount not less than a reasonable royalty for Spinido's and Gomffer's

1   infringements;

2       k)      A judgment and order that Spinido and Gomffer each make an accounting to

3   Plaintiffs and each pay over to Plaintiffs the extent of Spinido's and Gomffer's total profit and

4   revenue realized and derived from their infringements or violations of Rain Design's trade

5   dress, trademark, copyright, or any other applicable intellectual property, and actual damages to

6   Plaintiffs in an amount not less than a reasonable royalty for Spinido's and Gomffer's

7   infringements;

8       l)      An award of costs of this action together with Plaintiffs' reasonable attorney fees,

9   pursuant to 35 U.S.C. § 285, for this case being exceptional, and as permitted under other

10   applicable laws;

11       m)      An award of interest, including pre-judgment interest, on all damages; and

12       n)      An award to Plaintiffs of such further relief as this Court deems just and proper.

13                              **DEMAND FOR TRIAL BY JURY**

14       Plaintiffs hereby demand a trial by jury as to all issues so triable.

15

16   Dated: June 27, 2017

17                                     /DARA TABESH/

18                                     Dara Tabesh

19                                     **ECOTECH LAW GROUP, P.C.**

20

21

22

23

24

25

26

27

28