UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIN DESIGN, INC., ET AL., <br> Plaintiffs, <br> v. <br> SPINIDO, INC., et al., <br> Defendants. | Case No.17-cv-03681-JSC <br><br> **ORDER RE: MOTION FOR SERVICE BY PUBLICATION** <br><br> Re: Dkt. Nos. 11, 13 |

Plaintiffs bring this civil action for patent, trademark, and copyright infringement against corporate Defendants Spinido, Inc., and Gomffer, Inc. Plaintiffs have attempted to serve the summons and complaint on Defendants, but have been unable to do so because the addresses on file with the Colorado Secretary of State for these corporations are not in fact real addresses. Plaintiffs thus move for service by publication. (Dkt. No. 11.) Having considered the motion, the Court concludes that there is good cause for service by publication and service via the Colorado Secretary of State and GRANTS Plaintiffs' motion.

**BACKGROUND**

Prior to filing this action Plaintiffs made multiple attempts to contact Defendant Spinido, Inc.[1] In October 2015, Plaintiffs sent a cease-and-desist letter to Spinido at two addresses: 36 South 18th Ave., Ste. A, Brighton, CO 80601, which was the address listed for Spinido's agent of service of process, Xiaowei Chen, at the time, and to Spinido Inc., Excellence Century Room 709-710, 7/F,T, which is the address (in China) listed for Spinido in its trademark registration. (Dkt.

---

[1] Plaintiffs did not become aware of Gomffer or that Gomffer was selling Spinido products until May 2017. (Dkt. No. 13 at ¶ 4.)

No. 13 at ¶ 5.) In August of 2016, Spinido dissolved and then reformed as a new corporation a month later. (*Id.* at ¶ 6.) The new and current incarnation of Spinido lists Spinido's current principal place of business as 305 W. South Ave, Woodland Park, CO 80863 and Jinhua Chin as the agent for service. (*Id.*)

In February 2017, Plaintiffs sent another cease-and-desist letter to Spinido at this address. (*Id.* at ¶ 7.) Plaintiffs also sent the letter to a home address in California for Jinhua Chen that was disclosed in Spinido's publicly available corporate filings with the Colorado Secretary of State (506 N. Garfield Ave. #210, Alhambra, CA 92801). (*Id.*) Counsel was advised by a postal worker, however, that this latter address was not a real address. (*Id.*) Two weeks later, Plaintiffs sent a follow-up cease-and desist letter to a Chinese company that appears to own, operate, and/or control Spinido, ShenZhen Sheng HaiNa Technology Co., Ltd. ("ShenZhen"), at its address listed on the United States Trademark Office website for its Spinido logo trademark, Site 4A, No. 7 FenChang, HuaHui Shi Jie, Hongli West Road, Lianhua Street, Futian District, Shenzhen City, China; however, this letter was returned as undeliverable. (*Id.* at ¶ 8.) Plaintiffs' counsel also attempted to reach ShenZhen's counsel by phone multiple times in May 2017 to see if counsel represented Spinido, but he was not able to do so. (*Id.* at ¶ 9.)

Having received no response to their cease-and-desist letters, Plaintiffs filed this action on June 27, 2017. (Dkt. No. 1.) Plaintiffs' counsel retained a process server to serve the summons and complaint on the agents for service for each corporation at the addresses listed on the Colorado Secretary of State website.[2] The process servers were unable to serve either agent for service because the addresses listed did not exist. (Dkt. No. 13 at 6-9.)

Counsel has searched for other contact information regarding Spinido and Gomfferr by looking for other lawsuits, reviewing the White Pages, and conducting Internet searches, and has been unable to find any other contact information. (*Id.* at ¶ 10.) Counsel did, however, identify

---

[2] Service was attempted on Spinido at the current address referenced above with the Colorado Secretary of State. Service was likewise attempted on Gomffer at the addresses on file with the Secretary of State: 1700 Broadway, Suite 201, Denver, CO 80290. The Court has independently verified these addresses with the Colorado Secretary of State. *See* http://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (lasted visited October 5, 2017).

2

United States District Court
Northern District of California

another case in which a court authorized service by publication on Spinido after the plaintiffs' counsel there was likewise unable to serve Spindio through other means. (*Id.* at ¶ 11; Dkt. No. 13 at 11.[3]) *See Twelve South, LLC v. Spinido, Inc.*, Case No. 1:16-cv-02651-LMM, Dkt. No. 11 (N.D. Ga., Aug. 17, 2016).

## DISCUSSION

In the case of a corporation or other business entity, service must be effectuated in accordance with Fed. R. Civ. P. 4(h)(1), which provides, in part, that:

> Unless federal law provides otherwise or the defendants waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [which permits "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant....

California law allows for five basic methods of service: 1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; 3) service by mail with acknowledgment of receipt, *see id.* § 415.30; 4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and 5) service by publication, *see id.* § 415.50. Additionally, Section 416.10 provides for service on a corporation through: "(1) a designated agent for service of process, (2) enumerated officers and other authorized agents of the corporation; (3) a cashier or assistant cashier of a banking corporation; and (4) where the party attempting service cannot with reasonable diligence serve an individual in

---

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

3

any other category, the Secretary of State as provided by Corporations Code Section 1702." *Gibble v. Car–Lane Research, Inc.*, 67 Cal. App. 4th 295, 303 (1998).

Here, Plaintiffs seek leave to effectuate service under Section 415.50 which authorizes service by publication. Service by publication is permissible under California law if it appears that the party to be served cannot with "reasonable diligence be served in another manner specified in this article" and "[a] cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action." Cal. Code Civ. Proc. § 415.50(a). Plaintiffs' counsel's declaration establishes that he has not been able to effectuate service through other means despite his reasonably diligent efforts. The Court therefore concludes that service by publication is proper. The Court also orders Plaintiffs to attempt service in accordance with Corporations Code Section 1702; namely, through service on the Colorado Secretary of State. As the addresses Defendants provided to the Secretary of State do not appear to be valid, this too is a reasonable form of service. Under Section 1702, service "is deemed complete on the 10th day after delivery of the process to the Secretary of State." Cal. Corp. Code § 1702(a).

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for service by publication is GRANTED. (Dkt. No. 11.) Plaintiffs shall serve Defendants by publication in accordance with Cal. Code Civ. Proc. § 415.50 in the Pikes Peak Courier and the Denver Post at least once a week for four consecutive weeks. Plaintiffs shall also serve Defendants through the Colorado Secretary of State in accordance with Cal. Corp. Code § 1702.

**IT IS SO ORDERED.**

Dated: October 6, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge