UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIN DESIGN, INC., et al.,<br>   Plaintiffs,<br>  v.<br>SPINIDO, INC., et al.,<br>   Defendants. | Case No. 17-cv-03681-JSC<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Plaintiffs filed this action on June 27, 2017, against Defendants Spinido, Inc. and Gomffer Inc. (collectively "Defendants") asserting trademark, patent, and copyright infringement claims, as well as claims under state law. (Dkt. No. 1.) After Defendants failed to respond or otherwise appear, the Clerk entered default on August 29, 2018. (Dkt. No. 21.) Now pending before the Court is Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 22.) Because the Court has concerns regarding whether it has personal jurisdiction over Defendants and the adequacy of service, the Court ORDERS Plaintiffs to SHOW CAUSE as set forth below.

**A. Personal Jurisdiction Over Defendants**

When a court is considering whether to enter a default judgment, it has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Courts presume that causes lie outside the limited jurisdiction of federal courts, and the burden of proving otherwise falls to the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute has the same due process requirements as the federal long-arm statute. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific jurisdiction: (1) the non-resident defendant must "purposefully direct" activities or transactions with the forum, or "purposefully avail[] himself of the privilege of conducting activities in the forum;" (2) the claim must "arise[] out of or relate[] to the defendant's forum-related activities;" and (3) the court's exercise of jurisdiction "must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* "Where, as here, a case sounds in tort, we employ the purposeful direction test. . . . The defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation marks and citations omitted).

Presence on the internet or availability of a website alone is insufficient to establish personal jurisdiction; rather, if the nonresident defendant's connection to the forum is a website, the plaintiff must demonstrate "something more" to satisfy the purposeful direction requirement. *Mavrix Photo, Inc.*, 647 F.3d at 1229; *see also Calder v. Jones*, 465 U.S. 783 (1984) (holding that reputation-based effects may establish personal jurisdiction in another state). This may "includ[e] the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff known to be a forum resident." *Mavrix Photo, Inc.*, 647 F.3d at 1229.

Plaintiff's motion for default judgment does not address personal jurisdiction. The Complaint alleges as follows:

     a. The exercise of personal jurisdiction over Spinido and Gomffer by this Court is consistent with the Federal Due Process Clause, as Spinido and Gomffer have each established minimum contacts with this forum such that the exercise of jurisdiction over Spinido and Gomffer would not offend traditional notions of fair play and substantial justice;
     b. Spinido and Gomffer have done and continue to do business in the State of California and in this District and with one or more residents of the State of California and this District;
     c. Spinido and Gomffer direct, into the State of California and into this District, commerce, goods, and advertising;
     d. Spinido and Gomffer have offered, and continue to offer, products, the sale and/or offer of sale of which constitutes patent infringement in the State of California and in this District; and
     e. Spinido and Gomffer have committed tortious injury to Rain Design's business operations within the State of California and in this District.

(Dkt. No. 1 ¶ 21.) These conclusory allegations are not sufficient to demonstrate that the Court has personal jurisdiction over Defendants. (*Id.* ¶ 21.) The boilerplate allegations lack "something more" to show that Defendants have purposefully directed their activities at California. *See Axiom Foods, Inc.*, 874 F.3d at 1069-71 (discussing that e-mailing a newsletter to 10 or fewer Californians is insufficient when a majority of recipients were European and defendant did not do business in California); *Mavrix Photo, Inc.*, 647 F.3d at 1229-32 (discussing that a passive website may be sufficient when advertising metrics demonstrated that "copyrighted photos [were] part of its exploitation of the California market for its own commercial gain."); *Adobe Systems Inc. v. Cardinal Camera & Video Center, Inc.*, 2015 WL 5834135 at *5 (N.D. Cal. 2015) (discussing that conclusory allegations and likelihoods are insufficient). Similarly, that Plaintiff is located in California is insufficient to establish personal jurisdiction of Defendants. "[W]hile a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc.*, 874 F.3d at 1070 (noting that courts must look to the defendant's "own connection" with the forum state, not defendant's knowledge of plaintiff's connection to the forum).

If Plaintiffs cannot establish that this Court has personal jurisdiction over Defendants, the Court must dismiss or transfer the case. *See In re Tuli*, 172 F.3d at 712; 28 U.S.C. § 1406(a). Accordingly, Plaintiffs are ordered to show cause how the Court has personal jurisdiction over

3

1 Defendants.

2 **B.     Sufficient Service of Process**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service on a corporation may be made by delivering a copy of the summons and complaint in accordance with state law where the district court is located. *See* Fed. R. Civ. Proc. 4(e)(1) & 4(h)(1)(A). California law states that service may be made by publication when other methods of service cannot be made with reasonable diligence. Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication must be made as follows:

> [T]he summons [shall] be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party.

*Id.* § 415.50(b). Service may also be made on the Secretary of State if a corporation's designated agent "cannot with reasonable diligence be found at the address designated for personally delivering the process." Cal. Corp. Code § 1702.

After Plaintiffs were unable to serve Defendants via other means, the Court granted Plaintiffs' motion for service by publication. (Dkt. No. 14.) The Court further ordered Plaintiffs to attempt to serve the Colorado Secretary of State. (*Id.*) Plaintiffs subsequently filed a declaration stating that they effected service by publication in Colorado and that the Colorado Secretary of State does not accept service of process on behalf of its registered corporate entities in any manner. (Dkt. No. 19.) Plaintiffs point to a Colorado statute that permits service by registered or certified mail, rather than personal service on the Secretary of State, when a corporation's designated agent cannot be found. *See* Colo. Rev. Stat. § 7-90-704(2).

The Court is satisfied with Plaintiffs' research that the Colorado Secretary of State may not be served. However, Plaintiffs have not made service in satisfaction of California law. The relevant statute states that publication in other states may be made *in addition to* requisite publication in California. Cal. Civ. Proc. Code § 415.50(b). Plaintiffs have not evidenced that

4

publication has been made in California.  Accordingly, Plaintiffs are also ordered to show cause regarding how the service complied with California law.

## CONCLUSION

For the reasons set forth above, Plaintiffs are ordered to file a written response to this Show Cause Order by October 23, 2018.  The Court will set a hearing date if necessary, upon receipt of Plaintiffs' response.  The hearing scheduled for October 11, 2018 is VACATED.

**IT IS SO ORDERED.**

Dated: October 9, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge